UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

SHARI ANN BROWN,

    Plaintiff,

v.

    CASE NO.:

CARNIVAL CORPORATION,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Shari Ann Brown, sues Defendant, Carnival Corporation, for damages and alleges as follows:

1. Plaintiff is a citizen of Colorado and was a passenger aboard the CARNIVAL MAGIC on November 2, 2015.

2. Defendant, Carnival Corporation, is doing continuous and systematic business in the Southern District of Florida by operating seagoing vessels in the navigable waters of Florida. Carnival's principal place of business is in Florida.

3. Defendant, Carnival Corporation, operated the vessel CARNIVAL MAGIC from the port of Galveston, Texas from for a cruise to Mexico, Grad Cayman and Jamaica.

4. Plaintiff's claim is a maritime personal injury claim.

5. Diversity jurisdiction is proper under 28 U.S.C. § 1332. Jurisdiction is also proper under 28 U.S.C. § 1333.

6. Venue is proper under 28 U.S.C. § 1391, and also due to the forum selection clause contained in the Defendant's cruise ticket.

7. As Plaintiff was a passenger aboard the Defendant's vessel, Defendant had the duty to exercise reasonable care under the circumstances when operating its cruise. This duty includes the duty to warn passengers of dangerous conditions for which it either has actual or constructive knowledge or of dangerous conditions that it has created.

8. On November 2, 2015, Ms. Brown was walking near the elevators on deck three (3) when she tripped and fell over the fire door threshold. The lip on the fire door threshold was high and unmarked by any hazard tape or paint. When she tripped over the threshold, she flew through the air and landed on the marble floor, sliding into the wall. As a result of the fall, she broke off her entire humeral head on her right shoulder.

9. The Defendant failed to exercise reasonable care by failing to properly mark the fire door threshold. Defendant knew or should have known the danger of the fire door threshold, because the area is inspected daily.

10. The injuries sustained by the Plaintiff were directly caused by the negligence of Defendant, Carnival Corporation, it's employees, staff, crewmembers, owners, agents, and operators by the following acts of omission and commission:

   a. Failure to properly mark the fire door threshold;

   b. Failure to warn passengers of the high lip on the fire door threshold;

   c. Failure to warn Plaintiff of the dangerous condition caused by the high lip of the fire door threshold (that it was a tripping hazard);

   d. Failure to correct a known unsafe condition (high lip on fire door threshold); and

e. Failure to make reasonable inspections to be sure that the lip on the fire door threshold did not pose a tripping hazard.

11. The conditions listed in paragraph 10 above were known by the Defendant, were created by the Defendant, and in exercise of reasonable care of operating the cruise should have been known by a reasonable cruise ship operator through reasonable inspection. There have been previous instances when Carnival passengers and crew tripped over very similar fire door thresholds and were injured.

12. As a direct and proximate result of the Defendant's negligence, Plaintiff Shari Ann Brown suffered injuries to her right shoulder and other bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer losses in the future. Plaintiff also lost the value of the cruise and incurred medical bills and other incidental expenses.

WHEREFORE, Plaintiff Shari Ann Brown prays for a judgment to be entered against the Defendant Carnival Corporation for compensatory damages in the amount of Five Hundred Thousand Dollars ($500,000.00), ~~including~~ prejudgment interest and costs. Plaintiff demands a trial by jury.

/s/ Jacob J. Munch
JACOB J. MUNCH
E-mail: sealaw@tampabay.rr.com
Florida Bar Number 376523
CATHERINE M. SAYLOR
E-mail: casey@munchandmunch.com
Florida Bar Number 115593
MUNCH and MUNCH, P.A.

600 South Magnolia Avenue – Suite 325  
Tampa, Florida 33606  
Ph:(813) 254-1557 Fax:(813) 254-5172  
Attorney for Plaintiff, Brown